UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PUMA SE, and PUMA North America Inc., | ) | Case No.   1:22-cv-1362 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Brooks Sports, Inc., | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, PATENT INFRINGEMENT,
AND UNFAIR COMPETITION**

Plaintiffs, PUMA SE and PUMA North America Inc. (collectively, "PUMA"), by and

through undersigned counsel, bring this action for trademark infringement, patent infringement,

and unfair competition against Defendant Brooks Sports, Inc. ("Brooks"), and by and for their

Complaint, allege as follows:

**NATURE OF THE ACTION**

1.      This is an action for trademark infringement and unfair competition arising under

the laws of the United States, 15 U.S.C. § 1051, et seq, and Indiana common law. By this action,

PUMA seeks to prevent Brooks from causing confusion in the marketplace and unfairly

benefitting from PUMA's reputation and goodwill.

2.      PUMA also seeks equitable relief in the form of an injunction, preliminarily and

permanently enjoining Brooks from using PUMA's NITRO mark in connection with the

manufacture, distribution, advertising, promotion, offering for sale, and/or sale of Brooks shoes.

3.      This action also seeks a permanent injunction and monetary damages stemming

from Brooks' infringement of PUMA's United States Design Patent Number D897,075.

## PARTIES

4.     Plaintiffs PUMA SE and PUMA North America Inc. are world leaders in the sportswear industry. PUMA SE is organized and existing under the laws of Germany, with its principal place of business at Puma Way 1, 91074 Herzogenaurach, Germany. PUMA SE is a multinational company that designs and manufactures athletic and casual footwear, apparel, and accessories. As of 2017, PUMA SE employs more than 13,000 people worldwide and distributes its products in more than 120 countries. PUMA North America Inc. is a Delaware corporation with its principal place of business at 455 Grand Union Blvd, Somerville, MA 02145. PUMA is one of the top five sportswear brands in the world by revenue.

5.     Defendant Brooks Sports, Inc. is a Washington corporation, with its principal place of business at 3400 Stone Way N, Suite 500, Seattle, WA 98103. Brooks additionally has physical presence in this judicial district, including a 400,000 square foot distribution center located in Whitestown, Indiana.

## JURISDICTION AND VENUE

6.     This is an action for infringement of an unregistered mark under the Lanham Act, 15 U.S.C. § 1125(a); patent infringement under 35 U.S.C. § 271(a); and unfair competition under Indiana common law.

7.     This Court has subject matter jurisdiction over the Lanham Act claim and patent infringement claim pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121 as these claims arise under the laws of the United States.

8.     This Court has supplemental jurisdiction over the claim in this action which arises under the common law of the state of Indiana pursuant to 28 U.S.C. § 1367(a) because the state law claim is so related to the federal Lanham Act claim that it forms a part of the same case or

controversy and arises from a common nucleus of operative facts.

9.     This Court has personal jurisdiction over Brooks because, on information and belief, Brooks has committed acts of infringement within this judicial district and has a regular and established place of business within this judicial district.

10.     Further, this Court may exercise personal jurisdiction over Defendant under the Indiana Long-Arm Statute because the Defendant has transacted business in Indiana and caused an injury in this state by marketing their products to Indiana consumers using the infringing NITRO mark through its interactive website located at www.brooksrunning.com/en_us.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims at issue in the lawsuit occurred in this judicial district and because Brooks is subject to personal jurisdiction in this district.

12.     Venue is also proper in this district pursuant to 28 U.S.C. § 1400(b) because Brooks has committed acts of patent infringement in this district and has a regular and established place of business in this district, namely a 400,000 square foot distribution center located in Whitestown, Indiana.

## FACTS AND BACKGROUND

13.     PUMA owns rights in the mark NITRO and uses its NITRO mark on and in connection with various footwear. An image of a representative PUMA footwear product bearing the NITRO mark is shown below:



*Source*: https://us.puma.com/us/en/pd/deviate-nitro-mens-running-shoes/194449.html?dwvar_194449_color=13

14.     A listing of other NITRO-branded PUMA products, which are available for purchase through PUMA's U.S. website (us.puma.com), is shown in Exhibit A, and currently includes over 80 different models of footwear.

15.     PUMA SE is also the owner of U.S. Trademark Application Serial No. 97171928 for the mark NITRO for various footwear goods, in International Class 025. A copy of the application information is attached as Exhibit B.

16.     PUMA has been using its NITRO mark on footwear since at least March 2021.

17.     Since launching its NITRO line of running shoes, PUMA has seen substantial growth over its previous running shoe line. PUMA's NITRO-branded running shoes are currently PUMA's top-selling running shoes in the U.S., and an overall top-five-selling brand of PUMA footwear in the U.S.  Further, on information and belief, PUMA's line of NITRO running

shoes were a top-15-selling running shoe brand in the U.S. in the year 2021.

18.     PUMA has invested significant time, energy, and resources in promoting and offering its NITRO-branded products.

19.     As a result of these investments and efforts, PUMA has developed substantial and valuable goodwill in its NITRO mark and owns strong common law rights in the NITRO mark across the United States relating to footwear, including in Indiana.

20.     PUMA's NITRO mark is proprietary, highly valuable, and an important asset of PUMA's.

21.     PUMA has priority of use over Defendant with respect to the NITRO mark.

22.     In late 2021, PUMA became aware that Brooks began using NITRO to advertise its running shoes. In November 2021, a PUMA employee took the following photographs of Brooks' infringing acts that occurred at a trade show in Texas:

 

23.     In December 2021, PUMA sent a letter to Brooks describing PUMA's exclusive rights to use its NITRO mark in connection with footwear. A copy of this letter is attached as Exhibit C.

24.     After Brooks confirmed receipt of the letter, PUMA engaged with Brooks in an attempt to resolve the dispute amicably and avoid litigation. Brooks refused the settlement terms

proposed by PUMA and did not offer a counter-proposal.

25.    Despite being notified of PUMA's exclusive rights to the NITRO mark in connection with footwear, Brooks recently moved forward with an infringing advertising campaign that makes extensive use of PUMA's NITRO mark, as shown in the samples below:



*Source*: https://www.brooksrunning.com/en_us



*Source*: https://www.brooksrunning.com/run-on-nitro/

26.     Brooks also disseminated its infringing advertising campaign via social media, for example, the below Facebook and Instagram posts specifically employ the hashtag "#RunOnNitro":



*Source*: https://www.facebook.com/brooksrunning



*Source*: https://www.instagram.com/reel/CfeVmo2Dqkm/?igshid=YmMyMTA2M2Y=

27.     PUMA has never authorized any of the above-shown activities or any other use of its NITRO mark by Brooks in any manner.

28.     Brooks has willfully and intentionally engaged in the foregoing activities with the knowledge that the NITRO mark was used and owned by PUMA and that using the NITRO mark in conjunction with advertisement of Brooks running shoes was unauthorized.

29.     Brooks' use of the NITRO mark without permission is, and has been, a deliberate attempt to trade on the valuable trademark rights, goodwill, and consumer trust established by PUMA in its NITRO mark.

30.     Brooks' actions have caused or are likely to cause significant harm to PUMA's reputation and hard-earned goodwill that PUMA has developed in its NITRO mark.

31.    PUMA also protects its valuable intellectual property by obtaining and enforcing various patent rights. On September 29, 2020, U.S. Design Patent No. D897,075 (the "'075 Patent"), entitled "Shoe" was duly and legally issued by the United States Patent and Trademark Office. A copy of the '075 Patent is attached as Exhibit D.

32.    Plaintiff PUMA SE is the owner by assignment of the entire right, title, and interest in the '075 Patent.

33.    After PUMA's '075 Patent issued, Brooks introduced a shoe, the "Aurora BL," that adopted PUMA's patented design, and that is now being sold in connection with infringing uses of PUMA's NITRO mark.

34.    In design patents, solid lines are used to show the claimed portions of the design, while broken or dashed lines show purely environmental matter or portions that form no part of the claim.

35.    To determine infringement of a design patent, it is only necessary to consider the solid lines in the patent's claims.

36.    Brooks' infringing Aurora BL shoe has adopted every aspect of the claimed design in PUMA's '075 Patent and has an overall appearance that is substantially the same in the eyes of the ordinary observer.

37.    The claim of the '075 Patent is defined by the solid lines, and any broken lines in the drawings indicate portions which form no part of the claimed design. The solid lines of the '075 Patent define a midsole structure of a shoe, which includes a heel-end, bulbous region that extends beyond a periphery of a disclaimed upper when viewed from above. The solid lines of the '075 Patent further define midfoot and toe-end bulbous regions of the midsole that also extend beyond a periphery of the disclaimed upper when viewed from above. A claimed seam

extends from a toe end to a heel end of the midsole structure along each of the bulbous regions along lateral and medial sides thereof. The Brooks' Aurora BL includes all of the aforementioned claimed features of the '075 Patent, resulting in an overall appearance that is substantially the same in the eyes of the ordinary observer.

| The '075 Patent | Brooks' Aurora BL |
|---|---|
| FIG. 1 | |
| FIG. 3 | |
| FIG. 4 | |



38.     An ordinary observer would be familiar with the prior art designs, such as those depicted below. Based on these prior art designs, an ordinary observer would recognize that Brooks' Aurora BL design has incorporated elements of the claimed design that depart conspicuously from the prior art, resulting in an overall design that is deceptively similar to the claimed design. Thus, an ordinary observer, familiar with the prior art designs (such as those shown below), would be deceived into purchasing the Brooks' product, assuming it to be the patented design.



| | |
|---|---|
| 2015/0143722 | |
| 10,624,417 | |
| D414,597 | |
| D792,068 | |
| D677,040 | |





39.     Brooks' trademark and design patent infringement are part of Brooks' pattern of copying PUMA's technology and disrespecting PUMA's intellectual property rights.

40.     PUMA invented and developed the foam molding technology incorporated in its NITRO-branded shoes over an extended period of work with several shoe sole manufacturers. In January 2020, PUMA filed the first of its six utility patent applications relating to the technology it incorporates into its NITRO-branded shoes.

41.     On information and belief, after PUMA released its NITRO-branded shoes, Brooks contacted one of PUMA's manufacturers to copy PUMA's technology and incorporate PUMA's technology into Brooks' shoes. On information and belief, Brooks incorporated PUMA's proprietary foam molding process into its Aurora BL shoe and into the line of shoes its sells in connection with the infringing NITRO mark.

42.     One month after PUMA released its NITRO-branded shoes and nearly a year after PUMA's first utility application filing, on December 28, 2020, Brooks filed its own utility patent application, U.S. Patent Application No. 17/134,560. The application's written description and pending claims describe the same foam molding process that PUMA uses in its NITRO-branded shoes.

43.     On information and belief, Brooks has also copied the foam molding technology disclosed and claimed in PUMA's pending utility patent applications. Brooks used the technology from PUMA's utility patent applications to create a shoe, i.e., the Aurora BL shoe, having a design that is nearly identical to PUMA's patented design.

44.     Brooks then applied for its own industrial design protection for the design of the Aurora BL shoe just one month after PUMA's '075 Patent issued.  On information and belief,

Brooks has now obtained design registrations for its Aurora BL design in several non-examination countries but notably has not obtained a U.S. design patent for this design, despite the U.S. application having been filed before the foreign applications.

45.     Brook now sells the Aurora BL shoes in connection with a mark that copies PUMA's NITRO trademark, as explained further herein.

46.     Brooks' routine practice of misappropriating PUMA's intellectual property is willful, deliberate, and intentional. Brooks' complete disregard for PUMA's intellectual property will continue to irreparably harm PUMA unless enjoined by this Court.

## CAUSES OF ACTION

### COUNT I:

### Trademark Infringement (Unregistered Mark) - Lanham Act

47.     PUMA incorporates by reference the allegations contained in the preceding paragraphs as if separately repeated here.

48.     PUMA owns the distinctive NITRO mark for footwear, including as described in U.S. Trademark Application Serial No. 97171928.

49.     PUMA's ownership and exclusive use in commerce of the NITRO mark for footwear predates Brooks' unauthorized use of "nitro" in connection with its footwear.

50.     Brooks' unauthorized use of the NITRO mark in interstate commerce wrongly and falsely designates, describes, or represents Brooks' products, and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Brooks' running shoe products with PUMA, or as to the sponsorship or approval of Brooks' products by PUMA.

51.     Consumers seeing Brooks' use of such a confusingly similar mark in the marketplace are likely to believe that Brooks' products are the same as PUMA's or sponsored by, associated with, or otherwise affiliated with PUMA.

52.     Brooks' actions therefore violate PUMA's rights in its NITRO mark and constitute trademark infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

53.     On information and belief, Brooks' infringing activities are knowing, willful, and intentional violations of PUMA's rights.

54.     Brooks' acts of trademark infringement and unfair competition, unless restrained, will cause great and irreparable harm to PUMA and to the goodwill represented by PUMA's NITRO mark, in an amount that cannot be ascertained at this time, leaving PUMA with no adequate remedy at law.

55.     PUMA is thus entitled to injunctive relief restraining Brooks from any further acts of trademark infringement and unfair competition, as well as recovery of PUMA's costs and reasonable attorneys' fees under 15 U.S.C. §§ 1116, 1117, and 1125.

## COUNT II:

### Design Patent Infringement - 35 U.S.C. §§ 271 and 283

56.     PUMA incorporates by reference the allegations contained in the preceding paragraphs as if separately repeated here.

57.     Under 35 U.S.C. § 271(a), Brooks has infringed and continues to infringe, literally or under the doctrine of equivalents, PUMA's '075 Patent by making, using, selling, and offering for sale in the United States, or importing into the United States, a shoe that embodies the design covered by the '075 Patent.

58.     Upon information and belief, Brooks has profited from its infringement of the '075 Patent.

59.     PUMA has sustained damages as a direct and proximate result of Defendant's infringement of the '075 Patent and is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

60.     Brooks' infringement has caused, and unless enjoined by this Court under 35 U.S.C. § 283, will continue to cause PUMA to suffer irreparable harm for which it cannot be adequately compensated by a monetary award.

## COUNT III:

## Common Law Trademark Infringement and Unfair Competition

61.     PUMA incorporates by reference the allegations contained in the preceding paragraphs as if separately repeated here.

62.     PUMA owns all right, title, and interest in its NITRO mark. Defendant is not authorized to use PUMA's NITRO mark or any variation thereof, or any mark confusingly similar to PUMA's NITRO mark.

63.     PUMA's NITRO mark is inherently distinctive.

64.     Defendant's unauthorized use of the NITRO mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's products originate from PUMA, or are associated or connected with PUMA, or have the sponsorship, endorsement, or approval of PUMA.

65.     Defendant has created, promoted, and advertised with the NITRO mark in violation of and with knowledge of PUMA's rights to the NITRO mark for the purpose of trading upon PUMA's goodwill and reputation.

66.     Defendant has caused and is likely to continue to cause substantial injury to PUMA and the public, and PUMA is entitled to injunctive relief and to recover Defendant's profits from the sale of the infringing goods and services, actual damages, corrective advertising damages, costs and reasonable attorneys' fees.

67.     Defendant's wrongful conduct was willful and deliberate or recklessly indifferent to the rights of PUMA, warranting an award of punitive damages under Indiana common law.

68.     PUMA is also entitled to preliminary and permanent injunctive relief.

### PRAYER FOR RELIEF

**WHEREFORE**, PUMA seeks the following relief:

A.     An entry of judgment in PUMA's favor and against Brooks on all Counts of this Complaint;

B.     A declaration that Brooks' trademark infringement and unfair competition have been willful and that this case is exceptional;

C.     An order enjoining, temporarily, preliminarily and permanently, Brooks, and each of its respective officers, agents, servants, employees, and attorneys, and all of those persons in active concert or participation with it:

a)     from using the NITRO mark, or any mark that is confusingly similar thereto, in connection with the marketing or sale of footwear;

b)     from any further acts of trademark infringement or unfair competition in violation of 15 U.S.C. § 1125(a) or Indiana common law;

c)     from infringing U.S. Design Patent Number D897,075;

D.     Brooks be required to pay PUMA any profits that Brooks derived from its trademark infringement and unfair competition;

E.     Award PUMA damages adequate to compensate PUMA for the patent infringement that has occurred pursuant to 35 U.S.C. § 284, or an award of Brooks' profits from its patent infringement pursuant to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285;

F.      Brooks be required to pay PUMA the costs of this action, including prejudgment and post judgment interest, and PUMA's reasonable attorneys' fees; and,

G.      For such other relief as the Court may deem just and proper.

## **JURY DEMAND**

PUMA demands a trial by jury on all issues properly tried to a jury.

Dated: July 8, 2022

QUARLES & BRADY LLP

By: */s/ Joel Tragesser*
_____
Joel E. Tragesser (#21414-29)
QUARLES & BRADY LLP
135 N. Pennsylvania St., Suite 2400
Indianapolis, IN 46204
Joel.tragesser@quarles.com
Tel: 317-957-5000

Michael T. Piery (*pro hac* forthcoming)
QUARLES & BRADY LLP
411 East Wisconsin Ave., Suite 1400
Milwaukee, WI 53202
michael.piery@quarles.com
Tel: 414-277-5000

James J. Aquilina (*pro hac* forthcoming)
QUARLES & BRADY LLP
1701 Pennsylvania Ave. NW, Suite 700
Washington, D.C. 20006
james.aquilina@quarles.com
Tel: 202-372-9600

*Attorneys for Plaintiffs*
*PUMA SE and PUMA North America Inc.*